UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN LOPEZ,
      Plaintiff,

- against -

ACE LIMOUSINE, INC.,
      Defendant.

Docket No. 17-cv-02352

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Steven Lopez ("Lopez" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Ace Limousine, Inc. ("Ace Limo" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act, and breach of contract under New York law. This action arises out of (1) Defendant's breach of a verbal agreement with Plaintiff, a New York-based photographer, to photograph Defendant's fleet of limousines and party buses in exchange for additional photography business or direct payment, and (2) Defendant's unauthorized reproduction and public display of eighty-four (84) copyrighted photographs of limousines owned and registered by Lopez following Plaintiff's termination of the parties' contract in November 2016. Accordingly, Lopez seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.,* and equitable relief under the theories of unjust enrichment, promissory estoppel and quantum meruit.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), in that they are so related to Plaintiff's copyright claim that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Lopez is professional photographer, having a usual place of business at 6 Maple Avenue, Floral Park, New York 11001. Lopez's photographs have appeared in many publications in and around the United States.

7. Upon information and belief, Ace Limo is a corporation doing business within the State of New York, with an address of 362 N. Idaho Avenue, Massapequa, New York 11758.

8. Plaintiff and Defendant both are members of the limousine rental industry. Plaintiff is employed by White Star Limousines, Inc., who is not a party to this action, as a graphic designer and photographer. Upon information and belief, Ace Limo is in the business of renting limousines and party buses for business and recreational purposes. At all times material hereto, Ace Limo has owned and operated a website at the URL: www. http://acelimoli.com/. (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

9. In May 2016, Defendant's owner, Brandon Schwartz ("Schwartz"), verbally contracted with Plaintiff to shoot and edit photos of Defendant's fleet of limousines and party buses for the Website. As consideration for Plaintiff's work, Schwartz offered to further engage Lopez' services as a wedding photographer through certain other contracts Defendant had to provide wedding services; or alternatively, to compensate Lopez monetarily for his work. In reliance on Schwartz's representations that he would compensate him for his work, Lopez shot and digitally edited 84 photographs of Defendant's fleet of limousines for the Website (the "Photographs") between May and June 2016. Lopez spent a total of 18 hours shooting the Photographs, and spent a total of 36 hours editing the Photographs. True and correct copies of the Photographs are attached hereto as Exhibit A.

10. Lopez is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyrights thereto.

11. The Photographs were registered with the U.S. Copyright Office and given pending Copyright Registration Number 1-4550190285. See Exhibit B.

**B.     Defendant's Infringing Activities**

12. In June 2016, Lopez delivered the Photographs to Defendant, which were then published on the Website. See Exhibit C. Over the next several months, Lopez contacted Schwartz to request the promised wedding photography contracts or, alternatively, the payment promised to Lopez in exchange for the Photographs. Defendant refused to pay Lopez anything for the Photographs or provide the promised wedding photography contracts.

13. On November 1, 2016, Lopez terminated the parties' verbal agreement and demanded that Defendant either remove the Photographs from the Website or pay Lopez a sum of $5,000.00, the value of his services. Defendant refused.

14. On March 7, 2017, Defendant published seven of the Photographs on its Facebook page advertising its party buses and stretch limousines. See Exhibit D. On or about April 14, 2017, Lopez requested that Defendant remove the Photographs from its Facebook page, noting that he had not provided his consent to such use. Defendant did not remove the seven Photographs, and upon information and belief, either blocked Plaintiff from commenting on Defendant's Facebook page or deleted Plaintiff's comment entirely.

**FIRST CAUSE OF ACTION**
**(COPYRIGHT INFRINGEMENT AGAINST ACE LIMO)**
**(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 14 above.

16. Following Lopez' termination of the parties' verbal contract in November 2016, Ace Limo did not have authorization to reproduce or display the Photographs in connection with its limousine business and, accordingly, infringed Plaintiff's copyright in the Photographs by publicly displaying the Photographs on the Website and Defendant's Facebook page.

17. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the aforementioned acts of infringement by Ace Limo have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

19. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

20. Defendant's conduct described above is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT AGAINST ACE LIMO)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 20 above.

22. Plaintiff and Defendant entered into a contract, express or implied, whereby, in exchange for the services of Plaintiff in photographing and editing photographs of Defendant's fleet of limousines and party buses, Defendant agreed to compensate Plaintiff with additional photography work and/or payment for Plaintiff's services.

23. Plaintiff performed his obligations under the contract by spending a total of 54 hours shooting and editing eighty-four (84) Photographs of Defendant's fleet of limousines and party buses over the course of one month.

24. Defendant, in turn, failed to perform its obligations under the contract by failing to (1) provide Plaintiff with additional wedding photography work or (2) pay Plaintiff for his services in providing the Photographs to Defendant.

25. Defendant breached its agreement with Plaintiff.

26. Plaintiff has suffered damage as a result of Defendant's breach.

27. Plaintiff has made a reasonable demand for payment from the Defendant as contemplated by the parties' contract. Defendant has failed and refused to pay.

## THIRD CAUSE OF ACTION
### (UNJUST ENRICHEMENT/ QUANTUM MERUIT AGAINST ACE LIMO)

28. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 27 above.

29. In shooting and editing the Photographs, Plaintiff provided a valuable service to Defendant without due compensation, at Plaintiff's own expense.

30. Lopez reasonably expected that he would be fairly compensated by Ace Limo for his services in shooting and digitally editing the Photographs and, did not provide services to Defendant gratuitously. Further, Plaintiff relied in good faith on Defendant's representations that it would compensate Lopez for his work. In good faith reliance on Defendant's representations, Plaintiff spent a total of 54 hours shooting and editing the Photographs over the course of one month.

31. Defendant accepted Plaintiff's services by publishing the Photographs on the Website and Defendant's Facebook page. Because the Photographs advertise Defendant's limousines and party buses, Defendant has benefitted from its use of the Photographs.

32. Accordingly, Defendant has been unjustly enriched by its infringement of Plaintiff's Photographs, and equity and good conscience require that Plaintiff be compensated the fair market value of his services to Defendant.

## FOURTH CAUSE OF ACTION
## (PROMISSORY ESTOPPEL AGAINST ACE LIMO)

33. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 32 above.

34. Defendant's owner, Brandon Schwartz, expressly promised to compensate Lopez with additional photography services and/or monetary payment in exchange for the Photographs.

35. Defendant's promises were clear, unequivocal and intended to induce Plaintiff to provide the Photographs to Defendant in accordance with the terms of the parties' contract.

36. In Lopez' reasonable reliance on Defendant's promise of payment, he spent substantial time and effort producing and providing the Photographs to Defendant, to Lopez' detriment.

37. At the time of making the promise of payment and inducing Plaintiff to provide Services, Defendant could reasonably foresee that failure to pay for the Photograph would cause Plaintiff damage.

38. Defendant breached its promise to Plaintiff.

39. As a direct and proximate result of Defendant's breach of its promise to Plaintiff, Plaintiff has suffered damages as set forth above.

40. Under the circumstances, Defendant's promise to pay Lopez according to the terms of the parties' contract must be enforced to prevent injustice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Ace Limo be adjudged to have infringed upon Plaintiff's copyright in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded his actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorney's fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded judgement on his unjust enrichment claim in a sum not less than $5,000.00, representing the reasonable value of his services in providing the Photographs to Defendant;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: April 19, 2017
       Valley Stream, New York

                LIEBOWITZ LAW FIRM, PLLC

                By: /s/     Kamanta C. Kettle
                        Kamanta C. Kettle

                Kamanta C. Kettle
                11 Sunrise Plaza, Suite 305
                Valley Stream, New York 11580
                Telephone:  (516) 233-1660
                KK@LiebowitzLawFirm.com

                *Attorneys for Plaintiff Steven Lopez*